UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-22118-CIV-MORENO

FRANCISCO CARLOS LEITE,

    Plaintiff,

vs.

TREMRON, INC. d/b/a TREMRON GROUP and
HUGUES CARON,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Plaintiff's Motion to Dismiss Counterclaims and to Strike Affirmative Defense **(D.E. No. 13)**, filed on **July 31, 2012**. Plaintiff Francisco Carlos Leite brought suit against Defendants Tremron, Inc. and Hugues Caron for violations of the Fair Labor Standards Act ("FLSA"). In response to equitable estoppel and conversion counterclaims alleged by Defendants, Plaintiff filed this motion to dismiss the counterclaims for lack of subject matter jurisdiction. This Court agrees that it lacks subject matter jurisdiction over the counterclaims and therefore grants Plaintiff's motion to dismiss.

### I. FACTUAL BACKGROUND

Plaintiff Leite alleges that his employers, Defendants Tremron, Inc. and Hugues Caron, denied him proper overtime compensation for workweeks longer than forty hours. He argues that this denial was willful and intentional, and consequently was unlawful under the FLSA. In response, Defendants have denied the allegations and have raised affirmative defenses including a request for set-off for any payments made that did not constitute compensation for workable time.

In addition, Defendants have also filed counterclaims against Leite that stem from a severance agreement that Leite entered into with Tremron upon his separation. As part of this agreement, Leite affirmed that he had "been paid and/or [had] received all compensation, wages, bonuses, commissions, and/or benefits to which [he] may [have been] entitled." Defs.' Countercl. Ex. A ¶ 5. In return, Leite received severance payments from Tremron totaling ten weeks of salary. Defendants now assert a claim of equitable estoppel, claiming that Tremron relied upon Leite's affirmation in the severance agreement to its detriment. Furthermore, Defendants allege conversion, arguing that Leite intentionally induced Tremron to make the payments by making the affirmation. As relief, Defendants request a set-off of at least $8,400, the total sum of the severance payments.

Leite has now filed this motion to dismiss, maintaining that this Court lacks subject matter jurisdiction over Defendants' counterclaims. Specifically, he contends that the Court cannot exercise supplemental jurisdiction over the state law counterclaims because they do not arise out of the same Article III case or controversy as the original FLSA claim.

## II. LEGAL STANDARD

A facial jurisdictional challenge under Rule 12(b)(1) occurs when the motion to dismiss "accepts the [complaint's] version of jurisdictionally-significant facts as true and addresses their sufficiency." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). For such facial attacks, a court will look only at the complaint and will take "all of the allegations in the complaint as true to determine whether a [party] has adequately alleged a basis for subject matter jurisdiction." *Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV-MARRA, 2007 U.S. Dist. LEXIS 70884, at *6 (S.D. Fla. Sept. 21, 2007) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)). In the present action, Leite's jurisdictional challenge constitutes a facial attack as he does not

challenge the veracity of Defendants' counterclaims. The Court therefore accepts the truth of the counterclaims for purposes of this motion.

Under 28 U.S.C. § 1367(a), when a federal district court has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has interpreted this "case or controversy" requirement to "confer jurisdiction over supplemental claims that arise from a 'common nucleus of operative fact' in connection with a federal claim." *Promex, LLC v. Perez Distrib. Fresno, Inc.*, No. 09-22285-CIV-MORENO, 2010 U.S. Dist. LEXIS 90677, at *34 (S.D. Fla. Sept. 1, 2010) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724–25 (1966)). In analyzing supplemental jurisdiction issues, the Eleventh Circuit in particular has looked to whether the state claims "'involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts' as the federal claims." *Id.* (quoting *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563–64 (11th Cir. 1994).

### III. DISCUSSION

*A. Supplemental Jurisdiction over Defendants' Counterclaims*

Leite contends that Defendants' equitable estoppel and conversion counterclaims do not involve the same, or very similar, facts as his underlying FLSA claim. Rather, Leite argues that Defendants' breach of contract allegations are entirely distinct from his own claims for unpaid overtime compensation.

In cases where a FLSA claim serves as the underlying basis for original jurisdiction, this

Court has generally been reluctant to find that additional state law contract or tort claims form part of the same "case or controversy" as the federal claim. Very recently, the Court held that counterclaims filed by employers to recover for breaches of rent and loan contracts did not arise out of a common nucleus of operative fact in connection with the employees' underlying FLSA claims. *See Fernandez v. Xpress Painting Corp.*, No. 12-21738-CIV-MORENO, 2012 U.S. Dist. LEXIS 116327 (S.D. Fla. Aug. 16, 2012). In that case, the Court noted that the witnesses and evidence would differ greatly between the claims and counterclaims. The plaintiff employees would offer evidence relating to hours worked and pay received while the defendant employers would submit evidence to establish the existence and breach of independent agreements between the parties. *See id.* at *9. This Court has reached similar decisions in cases where the employer's counterclaims are premised on comparable agreements with the employees that did not implicate the number of hours worked or pay received. *See, e.g., Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV-MARRA/JOHNSON, 2009 U.S. District LEXIS 113015 (S.D. Fla. Dec. 3, 2009) (declining jurisdiction over a counterclaim for unpaid rent); *Nelson v. CK Nelson, Inc.*, No. 07-61416-CIV-MARRA, 2008 U.S. Dist. LEXIS 43544 (S.D. Fla. June 2, 2008) (declining jurisdiction over a counterclaim for unpaid rent).

Accordingly, the Court has limited its exercise of supplemental jurisdiction in this context to instances where the state law counterclaims in some way encompass elements of the plaintiff's original FLSA claim. Thus, for example, the Court found that an employer's counterclaims for unjust enrichment and tortious interference with a business relationship formed part of the same Article III case or controversy as the plaintiff's FLSA action where the counterclaims involved questions regarding the plaintiff's employment status and number of hours worked. *See Zambrana*

*v. Geminis Envios Corp.*, No. 08-20546-CIV-MOORE/SIMONTON, 2008 U.S. Dist. LEXIS 45547, at *8–9 (S.D. Fla. June 10, 2008). In particular, the employer in *Zambrana* alleged that instead of performing actual work, the plaintiff used the employment agreement as a pretext to gain access to and steal the employer's customer lists. *Id.* at *2. The Court noted that both the FLSA and unjust enrichment claims required an inquiry into the plaintiff's status as an "employee." *See id.* at *9. Likewise, the Court observed that a determination of how many hours the plaintiff genuinely worked was central to both the FLSA and tort claims. *See id.* at *8–9. For these reasons, the Court held that the counterclaims did arise out of a common nucleus of operative fact in connection with the plaintiff's FLSA claims.

Taking all of Defendants' allegations as true for purposes of the present motion, Defendants' counterclaims resemble the type of claims at issue in *Fernandez* that the Court has previously deemed not to be part of the same Article III case or controversy as an underlying FLSA claim. Defendants will present evidence and witness testimony on facts significantly different from the evidence that Leite will offer in support of his claim. While Leite will submit proof of overtime hours worked and unpaid wages owed, Defendants' evidence will pertain to the breach of the settlement agreement and the representations that Leite made to Tremron therein. Indeed, Defendants' claims regarding that agreement are a matter wholly separate from the dispute over overtime compensation. And unlike *Zambrana*, the resolution of Defendants' claims does not raise additional issues relating to Leite's employment status or the amount of hours that he worked. Consequently, this Court has no subject matter jurisdiction over Defendants' counterclaims.

*B. Defendants' Request for Set-Off*

Defendants nevertheless contend that the Court has jurisdiction over its counterclaims

because they have requested relief in the form of a set-off. In support, Defendants point to a jurisdictional exception for permissive counterclaims that seek a set-off even though the claims lack an independent basis of jurisdiction.[1] Defendants have also posed their request for set-off as an affirmative defense.

Prior case law does suggest that permissive counterclaims for set-off may proceed despite the lack of an independent basis of jurisdiction in certain instances where the counterclaims are interposed defensively to reduce a plaintiff's recovery rather than to provide affirmative relief. *See Vallesillo*, 2009 U.S. Dist. LEXIS 113015, at *8. In the FLSA context, however, the Eleventh Circuit has placed certain limits on the use of set-offs. Following former Fifth Circuit precedent on the matter, this Court recently affirmed that set-offs are inappropriate in FLSA cases where they result in sub-minimum wage payments to the employee. *See id.* at *9 (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)); *Nelson*, 2008 U.S. Dist. LEXIS 43544, at *9. Because the "FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court," a set-off is permissible only when it will not cause the plaintiff's wages to fall below the statutory minimum. *Vallesillo*, 2009 U.S. Dist. LEXIS 113015, at *9–10 (quoting *Brennan*, 491 F.2d at 4). As a result, an employer could raise the

---

[1] Since its enactment in 1990, district courts within the Eleventh Circuit have disagreed over the scope of § 1367. Some courts have argued that the provision extends only to compulsory counterclaims, *see, e.g.*, *Olufemi v. Your Care Clinics, LLC*, No. 8:05-CV-1798-T-17-TBM, 2006 U.S. Dist. LEXIS 6599, at *7 (S.D. Fla. Feb. 3, 2006), while others have observed that § 1367's "case or controversy" requirement may extend to permissive counterclaims as well. *See, e.g.*, *Zambrana*, 2008 U.S. Dist. LEXIS 45547, at *4; *Kirby v. Tafco Emerald Coast, Inc.*, No. 3:05cv341/RV/MD, 2006 U.S. Dist. LEXIS 6088, at *4–5 (S.D. Fla. Jan. 30, 2006). As this Court has noted, the Eleventh Circuit itself has not issued a ruling on the matter. *See Vallesillo*, 2009 U.S. District LEXIS 113015, at *8 n.4. In light of the following discussion on set-offs in the FLSA context, the Court likewise declines to address the scope of § 1367 at this time.

affirmative defense of set-off in a case where the employee received overpayment of wages. *See id.* at *10 (citing *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003)). In such a case, the set-off would only reduce the overpayment while still maintaining the plaintiff's recovery of wages under the FLSA.

In a recent clarification of its decisions in *Singer* and *Brennan*, the Fifth Circuit has also rejected the argument that those cases permit set-offs so long as the set-off does not exceed the damages recovered by the plaintiff. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010). Rather, the court affirmed its disfavor for "set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee." *Id.* This Court has reached a similar holding, distinguishing prior case law that permitted set-offs provided that they did not extinguish the plaintiff's damages. *See Nelson*, 2008 U.S. Dist. LEXIS 43544, at *11 n.5. Any set-off that reduces the amount of overtime wages that the plaintiff is entitled to under the FLSA is therefore inappropriate.

Because a set-off here would reduce Leite's recovery below the FLSA statutory minimum, such a request is improper. *See Brennan*, 491 F.2d at 4; *Vallesillo*, 2009 U.S. Dist. LEXIS 113015, at *10–11; *Nelson*, 2008 U.S. Dist. LEXIS 43544, at *10–11. This case does not involve a set-off against an overpayment or pre-payment of wages. Rather, the severance agreement was an arrangement distinct from Tremron's ordinary employment obligations to Leite. As the Fifth Circuit held in *Martin* in circumstances very similar to the present case, payments made in accordance with a severance agreement are "not wage payments, advance or otherwise," but are instead "benefits in return for [the] release of claims." *Martin*, 628 F.3d at 743. Though Tremron may have a cause of action against Leite for any breach of this independent bargain, the severance agreement does not

represent appropriate grounds for a set-off in a FLSA case. *See id.* at 742–43. If Defendants were to prevail on their counterclaims, it would reduce any recovery by Leite on his FLSA claims below the minimum wage owed. Hence, the affirmative defense is inappropriate in this context. The Court therefore reiterates its lack of jurisdiction over the request for set-off and strikes the affirmative defense of set-off under Rule 12(f)(1) for insufficiency as a matter of law. *See* Fed. R. Civ. P. 12(f)(1); *Vallesillo*, 2009 U.S. Dist. LEXIS 113015, at *11 (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002)).

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaims and to Strike Affirmative Defense is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 13 day of September, 2012.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record